UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILL E. MONK,

    Plaintiff,

v.

    Case No. 20-cv-80-pp

WAL-MART INC.,

    Defendant.

**ORDER GRANTING MARTEN TRANSPORT, LTD. GROUP BENEFIT PLAN'S MOTION TO INTERVENE (DKT. NO. 40)**

On July 20, 2020, Marten Transport, Ltd. Group Benefit Plan (the Plan) filed a motion to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Dkt. No. 40. The Plan, a self-insured employee welfare benefit plan governed by ERISA, asserts that its rights are jeopardized by this suit and that no one adequately represents its interests. Id. at 1 (citing Federal Rule of Civil Procedure 24(a)(2)). No party responded to the motion. The parties did acknowledge in their joint Rule 26(f) report, however, that Marten Transport, Ltd. was the plaintiff's employer at the time of the events alleged in the complaint and has a subrogated interest. Dkt. No. 41 at 2.

On a timely motion, the court must permit to intervene anyone who (1) is given an unconditional right to intervene by federal statute or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair

1

or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a). As the Seventh Circuit has explained, this rule imposes four requirements for intervention of right: "(1) timeliness, (2) an interest relating to the subject matter of the main action, (3) at least potential impairment of that interest if the action is resolved without the intervenor, and (4) lack of adequate representation by existing parties." Reid L. v. Ill. State Bd. of Educ., 289 F.3d 1009, 1017 (7th Cir. 2002). "The burden is on the party seeking to intervene of right to show that all four criteria are met." Id., 289 F.3d at 1017.

The Plan represents that it is the proper party as the third-party administrator for Marten Transport, Ltd. A copy of the health benefit plan summary plan description is attached to the affidavit of Matthew Mayer filed in support of the motion to intervene. Dkt. No. 40-2. The Plan indicates that it only recently received notice of the underlying case even though the plaintiff's claims relate to medical expenses paid out of Marten Transport, Ltd.'s ERISA plan. Dkt. No. 40-1 at 2. The Plan asserts a subrogation interest and seeks to enforce its reimbursement rights. Id. at 3. According to the Plan, excluding it from this action will impair its ability to protect its interests. Id. at 4. The Plan's interests are not adequately protected by the plaintiff, who is seeking to recover damages for his injuries, whereas the Plan seeks reimbursement. Id. at 5. Although the Plan alternatively argues for permissive intervention, the court is satisfied that the Plan has met its burden to intervene as a matter of right.

The court **GRANTS** Marten Transport, Ltd. Group Benefit Plan's motion to intervene under Rule 24(a)(2). Dkt. No. 40.

Dated in Milwaukee, Wisconsin this 16th day of October, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**